## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COREY DEWEY, as father and next friend of<br>NOAH DEWEY, a minor,<br><br>     PLAINTIFF,<br><br>v.<br><br>K SPLIT LOGISTICS, LLC., a Texas limited<br>Liability company, AKINTADE O. KAYODE,<br>JAUNOT L. NELSON, FAT AND BROKE, INC.<br>d/b/a GAMER LOGISTICS, FALCON MOVE,<br>LLC., AZAM LOGISTICS, LLC., TRANSPLACE<br>TEXAS, LP. AND FLASH TRUCK LINES<br>CORPORATION, D/B/A NATIONAL BROKERS<br><br>     DEFENDANTS. | CASE NO: |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, COREY DEWEY, as father and next friend of NOAH

DEWEY, a minor, and for their Complaint against K SPLIT LOGISTICS, LLC., a Texas

limited liability company, hereinafter "K SPLIT", AKINTADE O. KAYODE, hereinafter

"KAYODE", JAUNOT L. NELSON, hereinafter "NELSON", FAT AND BROKE, INC.,

d/b/a GAMER LOGISTICS, hereinafter "GAMER", FALCON MOVE, LLC., a Texas

limited liability company, hereinafter "FALCON", AZAM LOGISTICS, LLC., a Texas

limited liability company, hereinafter "AZAM", TRANSPLACE TEXAS, LP, a Texas

limited partnership, hereinafter "TRANSPLACE" and FLASH TRUCK LINES

CORPORATION, a Texas corporation, doing business as NATIONAL BROKERS,

states as follows:

1

<u>Parties</u>

1. Plaintiff, MARCIA DEWEY, was at all relevant times a resident of Ogle County in this district and was married to plaintiff, COREY DEWEY, on May 11, 2013, as his wife.

2. Plaintiff, COREY DEWEY, individually, and as father and next friend of NOAH DEWEY, a minor, was at all times relevant herein a resident of Ogle County within the Northern District of Illinois and was the father to Noah Dewey, a minor born on October 28, 2006.

3. Defendant, K SPLIT LOGISTICS, is a limited liability company domiciled within the State of Texas and doing business in Illinois within the Northern District of Illinois.

4. Defendant, AKINTADE O. KAYODE, is a resident of the State of Texas and is the registered owner of a certain 2013 Freightliner cargo truck involved in a motor vehicle accident in Ogle County, Illinois within the Northern District of Illinois.

5. Defendant, JAUNOT L. NELSON, was at all times relevant a resident of the State of Texas and operated a certain 2013 Freightliner cargo truck that was involved in a motor vehicle accident in Ogle County, Illinois which is located within the Northern District of Illinois.

6. Defendant, FAT & BROKE, INC., d/b/a GAMER, is a for profit corporation registered and domiciled in the State of Texas and was doing business within the Northern District of Illinois.

7. Defendant, FALCON MOVE, LLC., a Texas limited liability company hereinafter FALCON is registered in McKinney Texas and was doing business within the Northern District of Illinois as a motor carrier.

8. Defendant, AZAM LOGISTICS, a Texas limited liability company hereinafter AZAM is registered in McKinney Texas and was doing business within the Northern District of Illinois as a motor carrier.

9. Defendant, TRANSPLACE TEXAS, LP., a Texas limited partnership hereinafter TRANSPLACE, is registered in Frisco, Texas and was doing business within the Northern District of Illinois as a freight broker.

10. Defendant, FLASH TRUCK LINES CORPORATION, doing business as NATIONAL BROKERS, hereinafter NATIONAL is a Texas corporation, registered in El Paso, Texas and was doing business within the Northern District of Illinois as a freight broker.

**Jurisdiction**

The Court has jurisdiction of the subject matter of this proceeding pursuant to 28 U.S.C. §1332 in that this proceeding (1) is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs, and, (2) venue in this District is proper under 28 U.S.C. §1391 (b)(2) in that the event leading to the alleged damages suffered arose in this District.

## Count I

### Negligence vs. K Split Logistics, Akintade Kayode, and Jaunot L. Nelson

1. That on or about June 1, 2021, the plaintiff, NOAH DEWEY, a minor, was a passenger in a motor vehicle being driven by his mother, MARCIA DEWEY, in an easterly direction along and upon Pines Road in Pine Creek Township, Ogle County and State of Illinois and was approaching its intersection with Lowell Park Road.

2. That at the aforementioned time and place, the Defendant, JAUNOT L. NELSON, was operating a 2013 Freightliner box truck, owned by Defendant, AKINTADE KAYODE, and/or K SPLIT LOGISTICS, LLC., a Texas limited liability company, in a southerly direction along and upon Lowell Park Road approaching its intersection with Pines Road.

3. That at the aforesaid common intersection a sudden and violent collision occurred causing severe injury to the minor plaintiff's arms, chest, head and spine.

4. That at all times relevant herein the Defendant, Jaunot L. Nelson was an agent, servant and/or employee of the Defendant, K Split Logistics and was acting within the scope of his duties while driving the aforesaid 2013 Freightliner cargo truck.

5. That in the alternative, the Defendant, Jaunot L. Nelson was an agent, servant and/or employee of the Defendant, Akintade Kayode, and was acting within the scope of his duties while driving the aforesaid 2013 Freightliner cargo truck.

4

6. That at all relevant times herein, it was the duty of the defendants, individually, and as to each of them, to exercise ordinary care in their maintenance, operation, ownership and control of this vehicle.

7. That in violation of said duty, the defendants, individually and as to each of them, were guilty of one or more or all of the following negligent acts or omissions to act:

   a. Failed to keep a proper lookout for other vehicles upon the roadway;

   b. Failed to stop at a properly posted stop sign for southbound traffic on Lowell Park Road;

   c. Failed to yield to cross traffic on Pines Road before entering the intersection;

   d. Failed to stop to avoid a collision;

   e. Failed to sound his horn as he approached the intersection;

   f. Failed to display DOT placards and insignias consistent with the leasehold agreement with Falcon Move, LLC.;

   g. Failed to display DOT placards and insignias consistent with the leasehold interests with Azam Logistics, LLC.;

   h. Failed to comply with federal regulation requiring electronic driver logs or a paper log book be kept concerning his activity before and at the time of the alleged collision and;

   i. Was otherwise careless and negligent.

8. That as a direct and proximate result of one or more or all of the foregoing careless and negligent acts or omissions to act, the Plaintiff, NOAH DEWEY, was

caused to suffer severe, painful, permanent injuries to his body and in the future

will continue to suffer from said pain and disability and disfigurement; and has

been deprived of an opportunity to attend to the normal affairs of his daily life,

and has further been deprived of the normal enjoyment of life.

WHEREFORE, the Plaintiff, COREY DEWEY, as father and next friend of COREY

DEWEY, a minor, demands judgment in his favor and against the Defendants, KSPLIT

LOGISTICS, LLC., AKINTADE KAYODE, AND JAUNOT L. NELSON, individually

and as to each of them, in a sum in excess of SEVENTY FIVE THOUSAND

($75,000.00) DOLLARS, plus costs of this suit.

### Count II
### Negligence vs. Akintade Kayode, K Split Logistics, LLC. and Jaunot L. Nelson
### Permissive Use

1. That on or about June 1, 2021, the plaintiff, NOAH DEWEY, a minor, was a

   passenger in a motor vehicle being driven by his mother, MARCIA DEWEY, in

   an easterly direction along and upon Pines Road in Pine Creek Township, Ogle

   County and State of Illinois and was approaching its intersection with Lowell

   Park Road.

2. That at the aforementioned time and place, the Defendant, JAUNOT L. NELSON,

   was operating a 2013 Freightliner box truck, owned by Defendant, AKINTADE

   KAYODE, and/or K SPLIT LOGISTICS, LLC., a Texas limited liability

   company, in a southerly direction along and upon Lowell Park Road approaching

   its intersection with Pines Road.

3. That at the aforesaid common intersection a sudden and violent collision occurred

   causing severe injury to minor plaintiff's arms, chest, head and spine.

4. That at all times relevant herein the Defendant, Jaunot L. Nelson, was operating the aforesaid 2013 Freightliner cargo truck with the permission of its owner or owners, Akintade Kayode and/or K Split Logistics, LLC.

5. That at all relevant times herein, it was the duty of the defendants, individually, and as to each of them, to exercise ordinary care in their maintenance, operation, ownership and control of this vehicle.

6. That in violation of said duty, the defendants, individually and as to each of them, were guilty of one or more or all of the following negligent acts or omissions to act:

    a. Failed to keep a proper lookout for other vehicles upon the roadway;

    b. Failed to stop at a properly posted stop sign for southbound traffic on Lowell Park Road;

    c. Failed to yield to cross traffic on Pines Road before entering the intersection;

    d. Failed to stop to avoid a collision;

    e. Failed to sound his horn as he approached the intersection;

    f. Failed to display DOT placards and insignias consistent with the leasehold agreement with Falcon Move, LLC.;

    g. Failed to display DOT placards and insignias consistent with the leasehold interests with Azam Logistics, LLC.;

    h. Failed to comply with federal regulation requiring electronic driver logs or a paper log book be kept concerning his activity before and at the time of the alleged collision and;

      i.   Was otherwise careless and negligent.

7.   That as a direct and proximate result of one or more or all of the foregoing careless and negligent acts or omissions to act, the Plaintiff, NOATH DEWEY, a minor, was caused to suffer severe, painful, permanent injuries to his body and in the future will continue to suffer from said pain and disability and disfigurement; and has been deprived of an opportunity to attend to the normal affairs of his daily life, and has further been deprived of the normal enjoyment of life.

WHEREFORE, the Plaintiff, COREY DEWEY, as father and next friend of NOAH DEWEY, a minor, demands judgment in his favor and against the Defendants, KSPLIT LOGISTICS, LLC., AKINTADE KAYODE, AND JAUNOT L. NELSON, individually and as to each of them, in a sum in excess of SEVENTY FIVE THOUSAND ($75,000.00) DOLLARS, plus costs of this suit.

## Count III

### Negligence vs. Falcon Move, LLC.

1.   That on or about June 1, 2021, the plaintiff, NOAH DEWEY, a minor, was a passenger in a motor vehicle being driven by his mother, MARCIA DEWEY, in an easterly direction along and upon Pines Road in Pine Creek Township, Ogle County and State of Illinois and was approaching its intersection with Lowell Park Road.

2.   That at the aforementioned time and place, the Defendant, JAUNOT L. NELSON, was operating a 2013 Freightliner box truck, owned by Defendant, AKINTADE KAYODE, and/or K SPLIT LOGISTICS, LLC., a Texas limited liability

company, in a southerly direction along and upon Lowell Park Road approaching its intersection with Pines Road.

3. That at the aforesaid common intersection a sudden and violent collision occurred causing severe injury to minor plaintiff's arms, chest, head and spine.

4. That at all times relevant herein, the aforementioned vehicle was the subject of a lease for services from Defendant, K SPLIT to Defendant, FALCON, a motor carrier operating in interstate commerce under DOT authority and DOT number 3359134 which was headquartered in McKinney, Texas and held itself out as providing logistical services for shippers that required less than a full load transportation of freight.

5. That on June 1, 2021, at the time of the aforesaid collision, the Defendant, FALCON contracted with Defendant, K SPLIT, individually and as agent and/or employee of the Defendant, K SPLIT and Defendant, KAYODE. That at all relevant times, the Defendant, NELSON, was an actual, implied and/or apparent agent, servant and/or employee of the Defendant, FALCON, where Defendant, FALCON, controlled the conduct, actions, directions, means, methods and manner of work performed by the Defendant, NELSON.

6. That at all relevant times, the Defendant, FALCON and the Defendant, NELSON, as an agent and/or employee of Defendant, K SPLIT LOGISTICS, LLC., and/or Defendant, KAYODE, maintained the same business purposes and nature of work which included but was not limited to general freight transportation services of less than a full load moving in interstate commerce.

7. That at all relevant times herein, Defendant, FALCON, owed the plaintiff, NOAH DEWEY, a minor, by and through his father and next friend, COREY DEWEY, a duty to exercise reasonable care when controlling and directing the means, methods and manner of the work performed by the Defendant, NELSON, including the driving, operation, control, management and/or maintenance of the subject vehicle.

8. That at all times relevant, the Defendant, FALCON, owed the plaintiff and her passenger a duty to ensure its' contracted drivers, owners, operators and agents exercised reasonable care when driving, operating, controlling, managing and/or maintaining said vehicle, which included but is not limited to a duty to exercise reasonable care for preventing the vehicle from traveling through properly posted stop signs and colliding with vehicles lawfully passing through the intersection on a preferential highway. Further, the Defendant, FALCON, owed plaintiffs and all passengers a duty to ensure that its leased vehicle and drivers adhered to safety regulations, prohibitions, policies and procedures as set forth in said leases, that all applicable local, municipal, state and federal regulations pertaining to the trucking industry would be followed.

9. That at all relevant times the Defendant, FALCON, was negligent in one or more or all of the following respects:

(a) Failed to ensure that its contracted vehicles were being operated by drivers who kept a proper lookout of traffic conditions ahead;

(b) Failed to ensure that its contracted vehicles were being operated in a controlled manner;

(c) Failed to ensure that its contracted vehicles were not being operated so as to avoid them from carelessly and unexpectedly passing through stop signs without making a complete stop;

(d) Failed to prevent its contracted vehicles from proceeding at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the road, or which endangered the safety of persons or property in violation of 625 5/11-601;

(e) Failed to inspect driver logs prior to retaining the services of K Split and Nelson;

(f) Failed to ensure its contracted vehicles were operated in a manner to avoid failing to stop in time to avoid a crash;

(g) Failed to adhere to safety rules, regulations, policies and procedures of all applicable local, municipal, state and federal regulations pertaining to the trucking industry;

(h) Failed to ensure Defendant, NELSON, completed all required safety training offered by Defendants, K SPLIT and KAYODE;

(i) Carelessly and negligently hired, NELSON, when Defendant, FALCON MOVE, LLC., knew or should have known that Defendant, NELSON, as an agent and/or employee of K SPLIT AND KAYODE, was unfit to safely operate a vehicle.

(j) Failed to display DOT placards and insignias consistent with the leasehold agreement with FALCON MOVE and/or AZAM LOGISTICS.

10. That as a direct and proximate result of one or more or all of the foregoing careless and negligent acts or omissions to act, the Plaintiff, NOAH DEWEY, a minor, was caused to suffer severe, painful, permanent injuries to his body and in the future will continue to suffer from said pain and disability and disfigurement; and has been deprived of an opportunity to attend to the normal affairs of his daily life; and has further been deprived of the normal enjoyment of life.

WHEREFORE, the Plaintiff, COREY DEWEY, as father and next friend of NOAH DEWEY, a minor, demands judgment in his favor and against the Defendant, FALCON MOVE, LLC., in a sum in excess of SEVENTY FIVE THOUSAND ($75,000.00) DOLLARS, plus costs of this suit.

### Count IV

### Negligence vs. Azam Logistics, LLC.

1. That on or about June 1, 2021, the plaintiff, NOAH DEWEY, a minor, was a passenger in a motor vehicle being driven by his mother, MARCIA DEWEY in an easterly direction along and upon Pines Road in Pine Creek Township, Ogle County and State of Illinois and was approaching its intersection with Lowell Park Road.

2. That at the aforementioned time and place, the Defendant, JAUNOT L. NELSON, was operating a 2013 Freightliner box truck, owned by Defendant, AKINTADE KAYODE, and/or K SPLIT LOGISTICS, LLC., a Texas limited liability company, in a southerly direction along and upon Lowell Park Road approaching its intersection with Pines Road.

3. That at the aforesaid common intersection a sudden and violent collision occurred causing severe injury to minor plaintiff's arms, chest, head and spine.

12

4. That at all times relevant herein, the aforementioned vehicle was the subject of a lease for services from Defendant, K SPLIT to Defendant, FALCON, a motor carrier operating in interstate commerce under DOT authority and DOT number 3359134 which was headquartered in McKinney, Texas and held itself out as providing logistical services for shippers that required less than a full load transportation of freight averaging 50 mph for teamed drivers.

5. That on the same day and for terms identical to those contained in the lease for services between Defendant, K SPLIT and Defendant, FALCON, Defendant, AZAM LOGISTICS, LLC., a motor carrier operating in interstate commerce under DOT authority and DOT number 3202827 held itself out as providing logistical services for shippers that required less than a full load transportation of freight averaging 50 mph for teamed drivers.

6. That on June 1, 2021, at the time of the aforesaid collision, the Defendant, AZAM, contracted with Defendant, KAYODE and Defendant, K SPLIT for the lease of its vehicle and operator Defendant, NELSON. That at all relevant times, the Defendant, NELSON, was an actual implied and/or apparent agent, servant and/or employee of the Defendant, AZAM, where Defendant, AZAM, controlled the conduct, actions, directions, means, methods and manner of work performed by the Defendant, NELSON.

7. That at all relevant times, the Defendant, AZAM, and the Defendant, NELSON, as an agent and/or employee of Defendant, K SPLIT LOGISTICS, LLC., and/or Defendant, KAYODE, maintained the same business purposes and nature of work

which included but was not limited to general freight transportation services of less than a full load moving in interstate commerce.

8. That at all relevant times herein, Defendant, AZAM, owed the plaintiff, NOAH DEWEY, a minor, by and through his father and next friend, COREY DEWEY, a duty to exercise reasonable care when controlling and directing the means, methods and manner of the work performed by the Defendant, NELSON, including the driving, operation, control, management and/or maintenance of the subject vehicle  In addition at all times relevant, the Defendant, AZAM, owed the plaintiff and her passenger a duty to ensure a contracted drivers, owners, operators contractors, and agents who exercised reasonable care when driving, operating, controlling, managing and/or maintaining said vehicle, which included but is not limited to a duty to exercise reasonable care for preventing the vehicle from traveling through properly posted stop signs and colliding with vehicles lawfully passing through the intersection on a preferential highway.  Further, the Defendant, AZAM owed plaintiffs and all passengers a duty to ensure that it adhered to safety regulations that prohibitions policies and procedures set forth by the Defendant, AZAM, that all applicable local, municipal, state and federal regulations pertaining to the trucking industry.

9. That at all relevant times the Defendant, AZAM, was negligent in one or more or all of the following respects:

(a) Failed to ensure that its contracted vehicles were being operated by drivers who kept a proper lookout of traffic conditions ahead;

(b) Failed to ensure that its contracted vehicles were being operated in a controlled manner;

(c) Failed to ensure that its contracted vehicles were not being operated so as to avoid them from carelessly and unexpectedly passing through stop signs without making a complete stop;

(d) Failed to prevents its contracted vehicles from proceeding at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the road, or which endangered the safety of persons or property in violation of 625 5/11-601;

(e) Failed to inspect driver logs prior to retaining the services of K Split and Nelson;

(f) Failed to ensure its contracted vehicles were operated in a manner to avoid failing to stop in time to avoid a crash;

(g) Failed to adhere to safety rules, regulations, policies and procedures of all applicable local, municipal, state and federal regulations pertaining to the trucking industry;

(h) Failed to ensure Defendant, NELSON, completed all required safety training offered by Defendants, K SPLIT and KAYODE;

(i) Carelessly and negligently hired, NELSON, when Defendant, AZAM, knew or should have known that Defendant, NELSON, as an agent and/or employee of K SPLIT AND KAYODE, was unfit to safely operate a vehicle.

(j) Failed to display DOT placards and insignias consistent with the leasehold agreement with FALCON MOVE and/or AZAM LOGISTICS.

10. That as a direct and proximate result of one or more or all of the foregoing careless and negligent acts or omissions to act, the Plaintiff, NOAH DEWEY, a minor, was caused to suffer severe, painful, permanent injuries to his body and in the future will continue to suffer from said pain and disability and disfigurement; and has been deprived of an opportunity to attend to the normal affairs of his daily life, and has further been deprived of the normal enjoyment of life.

WHEREFORE, the Plaintiff, COREY DEWEY, as father and next friend of NOAH DEWEY, a minor, demands judgment in his favor and against the Defendant, AZAM LOGISTICS, LLC., in a sum in excess of SEVENTY FIVE THOUSAND ($75,000.00) DOLLARS, plus costs of this suit.

**Count V**
**Marcia Dewey vs. K Split Logistics, Akintade Kayode, Gamer Logistics, Transplace Texas, Flash Truck Lines Corporation dba National Brokers and Jaunot L. Nelson, a joint venture**

1. That on or about June 1, 2021, the plaintiff, NOAH DEWEY, a minor, was a passenger in a motor vehicle being driven by his mother, MARCIA DEWEY, in an easterly direction along and upon Pines Road in Pine Creek Township, Ogle County and State of Illinois and was approaching its intersection with Lowell Park Road.

2. That at the aforementioned time and place, the Defendant, Jaunot L. Nelson, was operating a 2013 Freightliner cargo truck owned by the Defendants, Akintade Kayode and/or K Split Logistics, LLC, in a southerly direction along and upon Lowell Road approaching its intersection with Pines Road.

3. That at the aforesaid common intersection, a sudden and violent collision occurred between the vehicles causing severe injury to minor plaintiff's arms, chest, head and spine.

4. That on or before June 1, 2021, Defendants, Jaunot L. Nelson, Akintade Kayode and/or K Split Logistics, LLC. agreed to provide equipment and labor to Defendant, GAMER, in order to move a specific freight load of cargo in interstate commerce pursuant to an agreement that GAMER was to provide equipment and labor in order to move cargo in interstate commerce belonging to Cummins Engine of Columbus, Indiana from its supplier in Elgin, Illinois to one of its facilities in El Paso, Texas.

5. That in order to provide for the transportation at sometime prior to June 1, 2021, Cummins Engine contracted with or affiliated with TRANSPLACE TEXAS, a Texas limited partnership herein registered as a federal freight broker to contract for the transportation of products, commodities and materials in interstate commerce.

6. That on and after May 3, 2019, TRANSPLACE, entered into an agreement with Defendant, GAMER, to provide competent licensed personnel to operate trucks, trailers and other freight vehicles providing point to point cargo services from origin to delivery on behalf of various customers located in the United States of America, Mexico and Canada.

7. That sometime prior to June 1, 2021, the specific freight which was carried in the vehicle operated by Defendant, NELSON, was the subject of a carrier agreement between Defendant, GAMER and Cummins Engine and on information and belief

said arrangement was brokered by TRANSPLACE TEXAS pursuant to its agreement with GAMER.

8.  That on or before June 1, 2021, Defendant, GAMER, engaged the services of FLASH TRUCK LINES CORPORATION, doing business as NATIONAL BROKERS, to act on its behalf to engage the services of another carrier for the load of auto parts to be transported from Elgin, Illinois to El Paso, Texas.

9.  That NATIONAL BROKERS, retained the services of Defendant, FALCON MOVE, to transport the Cummins Engine cargo, to wit., two separate shipments of component engine parts some of which were scheduled for delivery on or before May 28, 2021, from Elgin, Illinois at Amtech Precision Products to El Paso, Texas, Cummins Engine Juarez XLP.

10. That on or about May 19, 2021, Defendant, K SPLIT LOGISTICS, LLC., leased its 2013 Freightliner box truck to Defendant, FALCON.

11. That on the same date the same vehicle, the only vehicle operated by the Defendant, K SPLIT, was also leased to Defendant, AZAM LOGISTICS, whose offices and equipment are located at the same address in McKinney, Texas as Defendant, FALCON.

12. That the lease for equipment and drivers services contemplated a teamed driver and a carrier who could be reached 24 hours a day and 7 days a week by use of satellite tracking or a drivers cell phone. Failure to provide scheduled updates would result in a 25% rate reduction, the agreement also required the driver to list and record his time of arrival and time of departure on the bill of lading in order to calculate payment for and penalties due for unexplained delays.

13. That it became and was the duty of the joint venturers, individually and as to each of them to exercise ordinary care in the performance of their work undertaken by each of them on behalf of the joint venture to safely transport said cargo in interstate commerce pursuant to all applicable rules, regulations, prohibitions and requirements of state, local and federal rule.

14. That in violation of said duty, the Defendants, individually and as to each of them, were guilty of one or more or all of the following negligent acts or omissions to act:

    (a) Failed to ensure that its contracted vehicles were being operated by drivers who kept a proper lookout of traffic conditions ahead;

    (b) Failed to ensure that its contracted vehicles were being operated in a controlled manner;

    (c) Failed to ensure that its contracted vehicles were not being operated so as to avoid them from carelessly and unexpectedly passing through stop signs without making a complete stop;

    (d) Failed to prevent its contracted vehicles from proceeding at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the road, or which endangered the safety of persons or property in violation of 625 5/11-601;

    (e) Failed to inspect driver logs prior to retaining the services of K Split and Nelson;

    (f) Failed to ensure its contracted vehicles were operated in a manner to avoid failing to stop in time to avoid a crash;

(g) Failed to adhere to safety rules, regulations, policies and procedures of all applicable local, municipal, state and federal regulations pertaining to the trucking industry;

(h) Failed to ensure Defendant, NELSON, completed all required safety training offered by Defendants, K SPLIT and KAYODE;

(i) Carelessly and negligently hired, NELSON, when Defendant, FALCON MOVE, LLC., knew or should have known that Defendant, NELSON, as an agent and/or employee of K SPLIT AND KAYODE, was unfit to safely operate a vehicle.

(j) Failed to display DOT placards and insignias consistent with the leasehold agreement with FALCON MOVE and/or AZAM LOGISTICS.

15. That as a direct and proximate result of one or more or all of the foregoing careless and negligent acts or omissions to act, the Plaintiff, NOAH DEWEY, a minor, was caused to suffer severe, painful, permanent injuries to his body and in the future will continue to suffer from said pain and disability and disfigurement; and has been deprived of an opportunity to attend to the normal affairs of his daily life, and has further been deprived of the normal enjoyment of life.

WHEREFORE, the Plaintiff, COREY DEWEY, as father and next friend of NOAH DEWEY, a minor, demands judgment in his favor and against the Defendants, K SPLIT LOGISTICS, AKINTADE KAYODE, FAT & BROKE, INC., d/b/a GAMER LOGISTICS, FALCON MOVE, AZAM LOGISTICS, TRANSPLACE TEXAS, FLASH TRUCK LINES CORPORATION doing business as, NATIONAL BROKERS, AND JAUNOT L. NELSON, individually and as joint venturers, in a sum in excess of SEVENTY FIVE THOUSAND ($75,000.00) DOLLARS, plus costs of this suit.

**Count VI**
**Family Expense Act**

NOW COMES the Plaintiff, COREY DEWEY, as husband of Marcia Dewey, and for his Complaint against the Defendants, individually and as to each of them, states as follows:

1. That Corey Dewey, as father and next friend of minor, Noah Dewey was married to Marcia Dewey on June 1, 2021 and on all relevant times thereafter the head of the household where Noah was residing and was responsible for all his care and support.

2. That on or about June 1, 2021, the plaintiff, Noah Dewey, a minor, was a passenger in his mother, MARCIA DEWEY's motor vehicle which was traveling in an easterly direction along and upon Pines Road in Pine Creek Township, Ogle County and State of Illinois and was approaching its intersection with Lowell Park Road.

3. That at the aforementioned time and place, the Defendant, JAUNOT L. NELSON, was operating a 2013 Freightliner box truck, owned by Defendant, AKINTADE KAYODE, and K SPLIT LOGISTICS, LLC., a Texas limited liability company, in a southerly direction along and upon Lowell Park Road approaching its intersection with Pines Road.

4. That Defendant, GAMER LOGISTICS, at some time prior to June 1, 2021 entered into a federal motor carrier agreement and engaged the services of

Defendant, Jaunot L. Nelson and the equipment of Defendant, Akintade Kayode and K Split Logistics, to perform the agreement.

5. That at all times relevant herein, the defendants and joint venture participants as brokers and motor carriers acted or failed to act to transport a cargo of auto parts in the interstate commerce on board the vehicle that collided with Marcia Dewey and Noah Dewey on June 1, 2021.

6. That at the aforesaid common intersection a sudden and violent collision occurred causing severe injury to both of plaintiff's lower extremities.

7. That at all relevant times herein, it was the duty of the defendants, individually, and as to each of them to exercise ordinary care in their maintenance, operation, ownership and control of this vehicle.

8. That in violation of said duty, the defendants, individually and as to each of them, were guilty of one or more or all of the following negligent acts or omissions to act:

    a. Failed to keep a proper lookout for other vehicles upon the roadway;

    b. Failed to stop at a properly posted stop sign for southbound traffic on Lowell Park Road;

    c. Failed to yield to cross traffic on Pines Road before entering the intersection;

    d. Failed to stop to avoid a collision;

    e. Failed to inspect driver logs prior to retaining the services of K Split and Nelson;

f. Failed to ensure its contracted vehicles were operated in a manner to avoid failing to stop in time to avoid a crash;

g. Failed to adhere to safety rules, regulations, policies and procedures of all applicable local, municipal, state and federal regulations pertaining to the trucking industry;

h. Failed to ensure Defendant, NELSON, completed all required safety training offered by Defendants, K SPLIT and KAYODE;

i. Carelessly and negligently hired, NELSON, when Defendant, AZAM, knew or should have known that Defendant, NELSON, as an agent and/or employee of K SPLIT AND KAYODE, was unfit to safely operate a vehicle.

j. Failed to display DOT placards and insignias consistent with the leasehold agreement with FALCON MOVE and/or AZAM LOGISTICS.

k. was otherwise careless and negligent.

9. That as a direct and proximate result of one or more or all of the foregoing careless and negligent acts or omissions to act, the Plaintiff, COREY DEWEY, as father and next friend of NOAH DEWEY, a minor, was caused to suffer severe, painful, permanent injuries to his body; has been caused to expend great sums of money for necessary medical care and treatment of his minor son; and in the future will be caused to expend additional sums of money for necessary medical care and treatment.

10. That at all times relevant herein there was a law in the State of Illinois commonly referred to as the Family Expense Act, 750 ILCS 65/15 which provides that a

parent be responsible for the payment of their children's necessary medical expenses can bring an action for recovery of those paid expenses against those who may be found liable for the injury or loss suffered by the minor.

WHEREFORE, the Plaintiff, COREY DEWEY, as father and next friend of NOAH DEWEY, a minor, demands judgment in his favor and against the Defendants, KSPLIT LOGISTICS, LLC., AKINTADE KAYODE, JAUNOT L. NELSON, FAT & BROKE, INC. d/b/a GAMER LOGISTICS, LLC., FALCON MOVE, AZAM LOGISTICS, TRANSPLACE TEXAS, AND FLASH TRUCK LINES CORPORATION, doing business as, NATIONAL BROKERS, individually and as to each of them, in a sum in excess of SEVENTY FIVE THOUSAND ($75,000.00) DOLLARS, plus costs of this suit.

Respectfully submitted by:

s/Mark A. Bazzanella
Mark A. Bazzanella

THE LAW OFFICE OF MARK A. BAZZANELLA
Attorney for Plaintiff
One North LaSalle Street, Suite 425
Chicago, Illinois 60602
(312) 467-9000
ARDC no. 6193345
mark@bazzlaw.com